**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

MUSTAFA RAHIMI #A221-391-700     CIVIL ACTION NO.  3:26-CV-00946 SEC P

VERSUS     JUDGE S. MAURICE HICKS, JR.

U S IMMIGRATION & CUSTOMS     MAGISTRATE JUDGE DAVID J. AYO
ENFORCEMENT

**MEMORANDUM ORDER**

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by pro se Mustafa Rahimi ("Rahimi"), an immigration detainee at the Jackson Parish Correctional Center in Jonesboro, Louisiana.  Rahimi seeks release from prolonged detention.

A court may order a respondent to file an answer, motion, or other response, in its discretion.  *See generally* 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008); *Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018)[1].  And this Court has determined that a 21 day briefing schedule with seven days to reply is reasonable and appropriate in similar cases.

To determine whether Rahimi is entitled to relief, THE CLERK IS DIRECTED to serve a summons, a copy of the PETITION [Doc. 1], and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL  835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D. W.Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241.").

1

Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and by regular mail on (4) the Warden where Rahimi is detained.

IT IS ORDERED that a response be filed within 21 days after service on the United States Attorney for the Western District of Louisiana, with summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful.  This evidence shall include information regarding efforts made to obtain travel documents from any country.

IT IS FURTHER ORDERED that Petitioner shall then have seven days to reply.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

THUS DONE in Chambers on this 8th day of May 2026.

David J. Ayo
United States Magistrate Judge