**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MUSTAFA RAHIMI #A221-391-700** | **CASE NO. 3:26-CV-00946 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **U S IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by *pro se* Petitioner Mustafa Rahimi ("Rahimi"), an immigration detainee at Jackson Parish Correctional Center in Jonesboro, Louisiana. Rahimi challenges the legality of his continued detention.

For the following reasons, the PETITION [Doc. 1] should be GRANTED.

## I. Background

Rahimi is a native and citizen of Iran. He has been detained since entering the United States on January 13, 2025. [Doc. 1 at 1]. On July 24, 2025, an Immigration Judge ordered Rahimi removed to Iran. Neither party appealed. [*Id.*].

On August 28, 2025, an interview was held for travel document purposes. [*Id.*]. On October 15, 2025, Rahimi's travel document request packet was forwarded to the ERO Headquarters Detention and Deportation Officer ("DDO") for approval. [*Id.*].

The request remained pending in November 2025, and the docket officer contacted ERO Headquarters for an update. [*Id.*]. On December 8, 2025, the packet was resubmitted for review and approval. [*Id.*]. It was returned for corrections on December 10, 2025, and forwarded to the Iranian Interests Section on December 24, 2025. [*Id.* at 2].

On February 5, 2026, Iranian officials requested a consular interview for February 9, 2026. The declaration does not identify the outcome of that interview. Subsequent entries through June 1, 2026, report that travel documents remained pending. [*Id.*].

## II. <u>Law and Analysis</u>

### A. Legal Standard

After an alien is ordered removed, the Government generally has 90 days within which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Id.*; *see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures).

The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

### B. Rahimi's detention exceeds the presumptively reasonable period.

Rahimi's removal order became administratively final on or about August 25, 2025, when the time within which to appeal expired. Rahimi has remained detained for more 13 months since his removal order became final. Accordingly, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

**C. Rahimi has met his burden.**

Rahimi alleges that he fully cooperated with ICE by providing identifying information, completing forms, and participating in interviews with Iranian officials on November 5, 2025, and February 9, 2026. [Doc. 1-2 at 3]. He further alleges that Iranian officials informed him that they would not issue travel documents. [*Id.*]. Rahimi identifies the absence of diplomatic relations between Iran and the United States and the war in Iran as additional obstacles to removal. [*Id.*]

The Government asserts that Rahimi "has offered nothing beyond the fact of the duration of his post removal order." [Doc. 10 at 11]. However, Rahimi's allegations identify specific barriers to removal. He asserts that Iranian officials specifically told him during his interviews that they will not issue travel documents, but the Government does not address his account of the interviews. And the Government's declaration confirms that travel documents remained pending through June 1, 2026. [Doc. 10-1 at 2]. Considered together with more than 13 months of post-removal-order detention, and the absence of documented progress toward removal, these circumstances provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

**D. The Government has not met its burden.**

The burden therefore shifts to the Government to provide evidence of a significant likelihood that Rahimi will be removed in the reasonably foreseeable future. The Declaration states that an application for a travel document was forwarded to the Iranian Interests Section on December 24, 2025. [Doc. 10-1 at 2]. Submission of a travel document request does not establish that removal is significantly likely to occur in the reasonably foreseeable future. *See Yang v. Warden Jackson Par. Corr. Ctr.,* 25-CV-1962, 2026 WL 503246, at *3 (W.D. La. Feb. 6, 2026), *recommendation adopted,* 2026 WL 500655 (W.D. La. Feb. 23, 2026). Travel document requests can be denied, ignored, or processed in the distant future. *Id.*

Many Courts in this District have held that the Government's burden to furnish evidence demonstrating that removal is significantly likely in the reasonably foreseeable future is not met by a pending request for travel documents alone. *See Nguyen v. Bowen*, 25-CV-1560, 2026 WL 1179066, at *5 (W.D. La. Apr. 14, 2026), *recommendation adopted*, 2026 WL 1172680 (W.D. La. Apr. 29, 2026) ("Respondents provide no evidence—or reasons to conclude—that a travel document is forthcoming"); *Johnson v. Young*, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013), *recommendation adopted*, 2013 WL 1571272 (W.D. La. Apr. 12, 2013) (the argument that the Jamaican consulate had not yet refused to issue travel documents was insufficient to meet the Government's burden); *Fermine v. Dir. of Immigr. & Customs Enf't*, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007) (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel document, and Trinidad had not yet refused the request).

"[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. And "[a] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)); *Ibrahimi v. Bondi*, 25-CA-00768, 2026 WL 915703, at *3 (W.D. Tex. Mar. 27, 2026) (finding ICE's affirmative steps toward securing travel documents to Afghanistan did not establish reasonably foreseeable removal).

Here, the declaration identifies no substantive progress following Iran's request for an interview in February 2026, more than seven months ago. Its subsequent entries through June 1, 2026, report only that travel documents remain pending. [*Id.* 10-1 at 2]. Neither the

declaration nor the response addresses Rahimi's allegation that Iranian officials would not issue travel documents. Nor does the Government address the diplomatic and practical obstacles he identifies. The Government also provides no evidence that DHS is exploring removal to a third country or that any third country has agreed to accept Rahimi.

The Government's continuing effort alone does not satisfy the Government's burden under *Zadvydas*. Treating ongoing efforts to remove as proof of foreseeability "would seem to require an alien seeking release to show the absence of any prospect of removal—no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701; *accord*, *Lambert v. Warden*, No. 26-CV-00427, 2026 WL 926216, at *3 (W.D. Tex. Apr. 6, 2026) ("[T]his Court cannot deem removal reasonably foreseeable so long as good faith efforts continue.").

The Government's general discussion of administrative delays and cases permitting longer detention does not explain when or how Rahimi's removal is likely to occur. On this record, the Government has not rebutted Rahimi's showing. His continued detention is therefore no longer authorized under § 1231(a)(6), as construed in *Zadvydas*.

## III. <u>Conclusion</u>

Because the Government has not rebutted Rahimi's showing that there is no significant likelihood of removal to Iran in the reasonably foreseeable future, IT IS RECOMMENDED that the PETITION be GRANTED and that Rahimi be RELEASED subject to appropriate conditions of supervision.

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of

service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 2nd day of October, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE